OPINION NUNC PRO TUNC
Appellant Joseph Gibbens appeals the decision of the Stark County Court of Common Pleas that classified him as a sexual predator. The following facts give rise to this appeal. On March 12, 1987, the Stark County Grand Jury indicted appellant for one count of sexual battery, with a physical harm specification; one count of gross sexual imposition, with a physical harm specification; and one count of photographing a nude minor child. These charges resulted from appellant's molestation of his daughter over a period of several years. Appellant eventually entered a plea of guilty to the charges contained in the indictment. The trial court sentenced appellant to an indeterminate four to ten year prison term for sexual battery. The court ordered appellant to serve this term concurrently with the following two terms, which the court ordered appellant to serve consecutively: an indeterminate three to five year term for gross sexual imposition and an indeterminate five to fifteen year term for taking photographs of a nude minor. Following the effective date of H.B. 180, the Ohio Department of Rehabilitation and Corrections recommended that appellant be classified a sexual predator. The trial court conducted a classification hearing on March 29, 2000, and found appellant to be a sexual predator. Appellant appeals the trial court's determination and assigns the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
Appellant contends, in his First Assignment of Error, that H.B. 180 violates the United States Constitution's prohibition against ex post facto laws. We disagree. The Ohio Supreme Court rejected this argument in State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. The Court recently reaffirmed its ruling, in Cook, in the case of State v. Williams (2000), 88 Ohio St.3d 513, 516. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains his sexual predator classification violates the double jeopardy protections afforded him by the Ohio and United States Constitutions. We disagree. In the Williams case, the Ohio Supreme Court found that R.C. Chapter 2950 is neither criminal nor punitive and therefore, does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Id. at 528. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends H.B. 180 is unconstitutionally vague. We disagree. In support of this argument, appellant cites to R.C. 2950.09(C). This provision requires the Department of Rehabilitation and Corrections to screen inmates and determine which ones should be classified as a sexual predator. Appellant argues that the statute does not give adequate guidance to courts to determine whether one is to be classified a sexual predator. The Ohio Supreme Court rejected this argument in the Williams case and found that R.C. Chapter 2950 provides an adequate standard upon which to make a sexual predator determination. Id. at 533. Appellant's Third Assignment of Error is overruled.
 IV
In his final assignment of error, appellant maintains the trial court erred when it classified him a sexual predator because the record lacked clear and convincing evidence to support the finding. We disagree. In the Cook case, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C.2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In support of this assignment of error, appellant argues his lack of a prior criminal record. In classifying appellant a sexual predator, the trial court considered appellant's conduct and the fact that appellant molested his daughter over a long period of time. The abuse began when his daughter was seven-years-old and included both vaginal and rectal penetration. Appellant also permitted his wife to abuse his daughter. Appellant photographed the abuse and kept the pictures in a photo album. The abuse ended only after appellant's daughter informed school authorities of the abuse. The daughter was concerned that her father would begin abusing her younger sister who had just turned seven. Clearly, appellant has demonstrated a continuing course of abuse and the fact that he had no previous criminal record is not sufficient to overcome the other factors contained in the statute. The trial court's decision is not against the manifest weight of the evidence. Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 ____________________ Wise, J.
Hoffman, P.J., and Edwards, J., concur.